UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COST PLUS MANAGEMENT SERVICES, INC., a California corporation, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 4:13-CV-150-JAR<br>) |
| SREE LAKSHMI, LLC, a Missouri Limited Liability Company d/b/a CASH SAVER COST PLUS FOOD OUTLET and SATEESH KODEBATTULA, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on a Motion to Intervene filed by Associated Wholesale Grocers, Inc. ("AWG"). [ECF No. 15] The motion is fully briefed and ready for disposition. For the following reasons, the motion will be denied.

**Background**

Plaintiff COST PLUS brings this action for trademark infringement, unfair competition, false designation of origin, and trademark dilution under the Lanham Act (15 U.S.C. §§ 1114, 1125(a) and (c)); trademark infringement, unfair competition and unjust enrichment under Missouri common law; and trademark dilution and unfair competition under Missouri law (Mo. Rev. Stat. § 417.061) arising from Defendants' alleged use of the COST PLUS mark. Plaintiff alleges Defendants are operating a retail store under the name and mark CASH SAVER COST PLUS FOOD OUTLET ("Infringing Mark") which is likely to be confused with and is confusingly similar to the COST PLUS Trademarks. (Complaint, Doc. No. 1, ¶¶ 16, 17) AWG seeks to intervene in this matter to assert a counterclaim for declaratory judgment (Doc. No. 15-

1) because, as the owner of the CASH SAVER mark, it has an interest in this litigation, and its interest is not adequately represented by its licensee, Defendant Sree Lakshmi, LLC. (Doc. No. 16, pp. 1-2) Plaintiff opposes the motion on the ground that AWG's claimed interest in this matter is based on its alleged ownership of a completely different mark, i.e., CASH SAVER, and related "business model." (Doc. No. 19, p. 1) Defendants have not responded to AWG's motion.

**Legal Standard**

Federal Rule of Civil Procedure 24 sets out the requirements for a party seeking to intervene. This Court interprets Rule 24 liberally and resolves all doubts in favor of the proposed intervenors. Stenger v. Kellett, 2012 WL 1392292, at *2 (E.D.Mo. Apr. 23, 2012) (citing United States v. Ritchie Special Credit Invs., Ltd., 620 F.3d 824, 831 (8th Cir.2010).

"Under Rule 24(a)(2), a party is entitled to intervene as a matter of right upon filing a timely motion if: (1) [it] has a cognizable interest in the subject matter of the litigation, (2) the interest may be impaired as a result of the litigation, and (3) the interest is not adequately protected by the existing parties to the litigation." Guarantee Co. of North America, U.S. v. Middleton Brothers, Inc., 2011 WL 109012, at *1 (E.D. Mo. Jan. 12, 2011) (citing Medical Liability Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir.2007)). To satisfy the "interest" and "impediment" requirements, a party must show more than a mere economic interest; rather, the interest must be "direct, substantial, and legally protectable." Eischeid v. Dover Const., Inc., 217 F.R.D. 448, 468 (N.D. Iowa 2003) (quoting Curry v. Regents of University of Minnesota, 167 F.3d 420, 423 (8th Cir. 1999)). Interests that are remote from the subject matter of the proceedings, or that are contingent upon a sequence of events before it becomes colorable, will not satisfy Rule 24(a). Id. "The applicant for intervention must have an interest in the subject matter of the litigation, i.e., an interest that is 'direct,' as opposed to

tangential or collateral." Id. (quoting United States v. Union Elec. Co., 64 F.3d 1152, 1161 (8th Cir. 1995)).

Rule 24(b) governs permissive intervention and requires only that the party "has a claim or defense that shares with the main action a common question of law or fact." Id.; Fed.R.Civ.P. 24(b)(1)(B). The principal consideration in ruling on a Rule 24(b) motion is "whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." Innova Specialities Inc. v. Parnel Laboratories (Aust) Pty, Ltd., 2010 WL 2757287, at * (E.D. Mo. July 12, 2010). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." South Dakota ex rel. Barnett v. U.S. Dep't of Interior, 317 F.3d 783, 787 (8th Cir. 2003).

**Discussion**

AWG argues that as the owner of the CASH SAVER mark, it has a right to intervene in this action. Specifically, AWG claims this litigation may affect its use and license of the CASH SAVER mark in conjunction with the phrase "Cost Plus Food Outlet" when describing the CASH SAVER pricing model. (Doc. No. 16, p. 4) AWG contends that while Defendants have similar interests with those of AWG, its interests are broader because Defendant Laskshmi only has a non-exclusive license to use the CASH SAVER mark, whereas AWG is the owner of the CASH SAVER mark and licenses it to other entities. (Id.) There is also the possibility that the license agreement between AWG and Defendant Lakshmi could be terminated during this litigation, further distinguishing Defendants' and AWG's interests. (Id.)

Alternatively, AWG argues that permissive intervention is warranted because it shares common questions of law and fact with Defendants, i.e.., whether AWG's CASH SAVER mark and the use of the descriptive phrase "Cost Plus Food Outlet" infringes Plaintiff's intellectual

3

property or constitutes unfair competition. (Id., p. 5) In addition, no delay or prejudice would ensue because this case was only recently filed.

In opposition to AWG's motion, Plaintiff argues it has never complained and does not now complain of Defendants' use of the CASH SAVER mark. Rather, this case concerns Defendants' alleged infringement of the COST PLUS mark. Moreover, Plaintiff has not challenged Defendants' or AWG's right to continue to implement its current "business model." Thus, AWG's asserted concerns regarding CASH SAVER and its business model provide no basis for intervention. (Doc. No. 19, pp. 1-3) Plaintiff also challenges AWG's standing to intervene, arguing that AWG's interests have not been injured where, as here, the intellectual property rights it seeks to protect are not implicated by Plaintiff's lawsuit. (Id., p. 4) Finally, Plaintiff contends that permissive intervention would not be appropriate because, for the same reason, AWG shares no common question of law or fact and because adding an additional party based on a completely different mark would prejudicially complicate and expand the case. (Id., p. 8)

AWG replies that pursuant to its licensing agreement, it requires its licensees, including Defendant Sree Lakshmi, to use the CASH SAVER mark in conjunction with the phrase "cost plus food outlet," which describes the CASH SAVER business model. (Doc. No. 20, pp. 2-3) Because one of its members is being sued for using the phrase "cost plus food outlet" in conjunction with the CASH SAVER mark, AWG contends it has an interest in this litigation for purposes of Article III standing. If the Court determines that this phrase infringes Plaintiff's trademark, then AWG's interest may be impaired. AWG claims it would have to purchase new signage and advertising materials, costing tens of thousands of dollars, and would be prohibited from describing its pricing model to the public, which could cause a decline in sales. (Id., p. 6)

AWG also notes that in 2011 Plaintiff threatened to sue one of AWG's member stores over identical signage and advertising materials and communicated with counsel for AWG, thereby recognizing AWG's rights and interests regarding its member stores' use of the phrase "cost plus food outlet." (Id., p. 5; Doc. Nos. 20-1, 20-2, 20-3)

In its sur-reply, Plaintiff argues there is no basis for AWG to intervene because its own documents establish that AWG has not used the COST PLUS mark, has not licensed the COST PLUS mark to others, has expressly agreed that it has no responsibility for any such uses, and goes so far as to require its licensees to indemnify it for any uses. (Doc. No. 26, p. 4) In particular, the CASH SAVER License Agreement:

- Recites that the CASH SAVER mark does not include the words "COST PLUS FOOD OUTLET". (Doc. No. 22, p. 1, RECITALS, ¶ A);

- Licenses only the CASH SAVER mark. (Doc. No. 22, p.1, ¶ 1(a).);

- Confirms that AWG "has no specific rights in and to the words 'COST PLUS FOOD OUTLET.'" (Doc. No. 22, p. 2, ¶ 1(d)(i);

- Divorces AWG from any risk associated with the Licensee's use of COST PLUS: "[a]ny use by Licensee of the words 'COST PLUS FOOD OUTLET' shall be at Licensee's sole risk and expense". (Doc. No. 22, p. 2, ¶ 1(d)(ii); and

- Requires that the Licensee "defend, indemnify and hold harmless [AWG] from and against any and all claims, demands, causes of action and judgments arising out of or in connection with any use by Licensee of the words 'COST PLUS' or 'COST PLUS FOOD OUTLET'." (Doc. No. 22, p. 2, ¶ 1(d)(v).

AWG replies that it requires its licensees to agree to consistently use the CASH SAVER mark with the descriptive phrase "cost plus food outlet" on its signage in the style and form specified in its License Agreement, and that Plaintiff has sued Defendants for using this signage. (Doc. No. 29, pp. 2-3)

**Standing**

As a threshold matter, the Eighth Circuit requires all prospective intervenors to have Article III standing to litigate their claim in federal court. Stenger, 2012 WL 381769, at *1 (citations omitted). To demonstrate standing, a party must allege an injury in fact, which is an injury to a legally protected interest that is "concrete, particularized, and either actual or imminent." Id. (citing United States v. St. Louis Metropolitan Sewer Dist., 569 F.3d 829, 833–34 (8th Cir.2009)). In addition, a party invoking standing must establish a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Id. (citations omitted). See also, United Fire & Cas. Co. v. Titan Contractors Service, Inc., 2012 WL 3065517, at *1-2 (E.D. Mo. July 27, 2012) (quoting Mausolf v. Babbitt, 85 F.3d1295, 1301 (8th Cir. 1996) ("While Rule 24 promotes judicial economy by facilitating, where constitutionally permissible, the participation of interested parties in others' lawsuits, the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend.") The burden is on the proposed intervenor to establish standing. Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).

The Court fails to see where AWG has sustained an injury in fact where Plaintiff COST PLUS has neither raised the use of AWG's CASH SAVER mark in this action, nor threatened to. In Probatter Sports, LLC v. Joyner Technologies, Inc., 2006 WL 625874 (N.D. Iowa Mar. 10, 2006), the Court found there was no standing to intervene because the patents the proposed intervenor sought to protect were not implicated in plaintiff's lawsuit. Id. at *3. The intellectual property at issue here is Plaintiff's COST PLUS marks, not AWG's alleged use or ownership of the CASH SAVER mark or Defendants' licensing of the CASH SAVER mark. Plaintiff does not challenge the right of Defendants or AWG to continue implementing its current "business

model." Moreover, as discussed above, under the terms of AWG's CASH SAVER License Agreement, AWG has no duty or obligation to Defendants regarding Defendants' use of Plaintiff's COST PLUS marks.

**Intervention**

Aside from the issue of standing, the Court finds AWG fails to demonstrate that it has the right to intervene under Rule 24(a). AWG correctly observes that courts routinely grant intervention as of right to an owner of intellectual property where the intellectual property is at issue in the litigation, citing Process Controls Int'l, Inc. v. Emerson Process Management, 753 F.Supp.2d 912 (E.D. Mo. 2010) (trademark owner granted intervention as of right in trademark infringement action because it was the "true owner of the trademarks" at issue); Lion Petroleum of Missouri, Inc. v. Millennium Super Stop, LLC, 467 F.Supp.2d 953 (E.D. Mo. 2006) (holding the owner of a trademark is a necessary party in trademark infringement action); Enterprises of Palm Beach, Inc. v. Estefan Enterprises, Inc., 2007 WL 4218990 (S.D. Fla. 2007) (holding that a trademark owner/licensor was a necessary party in an action brought by its trademark licensee against a third party in which the licensee sought a declaratory judgment of non-infringement). (Doc. No. 16, p. 3) However, these cases are distinguishable from the instant case in that AWG claims no interest in the COST PLUS marks at issue here. Cf. C.B.C. Distribution and Marketing, Inc. v. Major League Baseball Advanced Media, L.P., 2005 WL 3299137, at *4 (E.D. Mo. June 8, 2005) (court permitted intervention as of right by a third-party that owned the underlying intellectual property rights at issue in the litigation and licensed those rights to the defendant).

Here, Plaintiff COST PLUS makes no claim with respect to the CASH SAVER mark or AWG's business model. AWG argues that *if* the Court determines that the phrase "cost plus food

outlet" infringes Plaintiff's trademark, then its interest *may* be impaired. AWG claims it would then have to purchase new signage and advertising materials, costing tens of thousands of dollars, and would be prohibited from describing its pricing model to the public, which could cause a decline in sales. The financial impact on AWG is too speculative to be determined a direct, substantial, or legally protectable interest. See Stenger, 2012 WL 1392292, at *6 ("The purpose of the imminence requirement is to ensure that the alleged injury is not too speculative . . . [and] that the injury is certainly impending."). Moreover, as discussed above, in order to satisfy the "interest" and "impediment" requirements, a party must show more than a mere economic interest; rather, the interest must be "direct, substantial, and legally protectable." Eischeid, 217 F.R.D. at 468. See also, Greene v. United States, 996 F.2d 973, 976 (9th Cir. 1993). The motion for intervention as of right will be denied.

Finally, for the same reasons, the Court will deny the motion for permissive intervention. Adding AWG as a party will introduce additional issues that may complicate and delay the resolution of the primary issues between Plaintiff CASH PLUS and Defendants. See Probatter, 2006 WL 625874, at * 4. This matter is currently set for a Rule 16 scheduling conference on Monday, June 24, 2013.

Accordingly,

**IT IS HEREBY ORDERED** that Proposed Intervenor Associated WholeSale Grocers, Inc.'s Motion to Intervene [15] is **DENIED.**

Dated this 10th day of June, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE